## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

A.B.E.,                                  :
                                         :
                    Petitioner,          :
                                         :
v.                                       :        Case No. 7:25-cv-195-WLS-AGH
                                         :        28 U.S.C. § 2241
Warden, IRWIN COUNTY                     :
DETENTION CENTER, *et al.*,              :
                                         :
                    Respondents.         :
_____  :

### O R D E R

Petitioner is a detainee at Irwin County Detention Center awaiting removal proceedings. He seeks habeas corpus relief based on Respondents' refusal to provide him with a bond hearing and the opportunity for pre-removal release while the removal proceedings are pending. Respondents contend that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(1) and/or 8 U.S.C. § 1225(b)(2).

The Court reviewed Petitioner's application. The Court finds that Petitioner is currently detained under 8 U.S.C. § 1226(a) and therefore not subject to mandatory detention as required by 8 U.S.C. § 1225(b)(2). *See J.A.M. v. Streeval*, No. 4:25-CV-342-CDL, 2025 WL 3050094 (M.D. Ga. Nov. 1, 2025); *P.R.S. v. Streeval*, No. 4:25-CV-330-CDL, 2025 WL 3269947 (M.D. Ga. Nov. 24, 2025). Accordingly, Petitioner's application for habeas corpus relief is granted to the extent that Respondents shall provide Petitioner with a bond hearing within **SEVEN (7) DAYS** to determine if the Petitioner may be released on bond under § 1226(a)(2) and the applicable regulations. *See* 8 C.F.R. §§ 236.1 & 1236.1.

Also before the Court is Respondents' motion to dismiss (ECF No. 5), arguing in part that this case should be dismissed or stayed in light of Petitioner's membership in the "Bond Eligible Class" certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025). Respondents later withdrew that motion (ECF No. 6) in part, dropping their claim that the case should be dismissed or stayed based on membership

in the *Maldonado Bautista* class,[1] but maintaining that the case should be dismissed for lack of jurisdiction and because they contend that Petitioner is detained under 8 U.S.C. § 1225(b)(2). As for Respondents' remaining grounds for dismissal, they acknowledge that the holdings in *J.A.M.* and *P.R.S.* would control the result in this case were the Court to follow the rationale in those decisions. Because the Court adopts the rationale of those decisions, Respondents' motion to dismiss (Doc. 5), to the extent it was not withdrawn, is **DENIED**.[2]

        **IT IS SO ORDERED**, this 6th day of January 2026.

                                W. Louis Sands
                                _____
                                W. LOUIS SANDS
                                U.S. DISTRICT COURT JUDGE
                                MIDDLE DISTRICT OF GEORGIA

---

[1] Petitioner's membership in the *Maldonado Bautista* class has no effect on the Court's decision for several reasons. First, only the named petitioners sought habeas relief in *Maldonado Bautista*. Second, the named petitioners did not seek nationwide habeas relief. Third, in granting declaratory relief, the California District Court correctly noted that habeas relief could only be afforded to class members who were located within the boundaries of the Central District of California. *Id.* at *14 (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 446 (2004) for the proposition that "habeas jurisdiction lie[s] 'in only one district: the district of confinement'").

[2] The brevity of this order is appropriate given that the issue presented is exactly the same as the issue previously decided on numerous occasions by the Court and yet Respondents insist upon denying the relief that the Court has found is required.